**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| FRANCES ALBRITTON, et. al., | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | 1:05-CV-74 (WLS) |
| | : | |
| CAGLES, INC., | : | |
| Defendant | : | |
| | : | |

## ORDER

Before the Court are Defendant's Motion to Dismiss (Doc. 8) and Plaintiffs' Motion to

Stay (Doc. 14).  For the following reasons, Defendant's Motion to Dismiss (Doc. 8) is

**GRANTED**; and Plaintiffs' Motion to Stay (Doc. 14) is **DENIED AS MOOT**.

## DISCUSSION

**I.     Defendant's Motion to Dismiss**

Defendant moves to dismiss the Complaint in this matter pursuant to Fed. R. Civ. P.

12(b)(6) alleging that Plaintiffs have failed to properly state a claim upon which relief can be

granted.  (Doc. 8).   Specifically, Defendants assert that Plaintiffs have not properly complied

with the opt-in provisions of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b), in that

Plaintiffs have filed this lawsuit based on consents filed specifically to join Anderson v. Cagles,

Inc., 1:00-CV-166 (WLS) (M.D. Ga. 2000). *Id*.   Plaintiffs disagree with Defendants' assertion,

proposing that the instant action is a collective or representative action in which all the named

Plaintiffs became parties to the lawsuit upon filing of the complaint.  (Docs. 9, 13).  Plaintiffs

further contend that this is not a joinder action, like Anderson, where opt-in plaintiffs are

required to file consents to join an action already commenced.  *Id*.

**II.    Fair Labor Standards Act**

29 U.S.C. § 216(b) provides the exclusive means of bringing a collective action against

an employer under the FLSA.   LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 288 (5th Cir.

1975); *see also* Tombrello v. USX Corp, 763 F.Supp. 541, 544 (N.D. Ala. 1991); Lerwill v.

Inflight Motion Pictures, Inc., 343 F.Supp. 1027, 1029 (N.D. Calif. 1972).[1]    Section 216(b)

states in relevant part that "[n]o employee shall be a party plaintiff to any such action unless he

gives his consent in writing to become such a party and such consent is filed in the court in which

such action is brought." 29 U.S.C. § 216(b).   "That plain language indicates that [P]laintiffs do

not opt-in or consent to join an action as to specific claims, but as to the action as a whole.

Prickett v. DeKalb County, 349 F.3d 1294, 1297 (11th Cir. 2003).    "If, after conditional

certification of a § 216(b) class, it is determined that the claimants are not similarly situated, the

district court decertifies the class, and the opt-in plaintiffs are dismissed [from the action]

without prejudice." *See* Mooney v. Aramco Services Co., 54 F.3d 1207, 1214 (5th Cir. 1995)

(internal quotations omitted); *see e.g.*, Bayles v. Am. Med. Response, 962 F.Supp. 1346 (D. Colo

1997).    When, as here, a class certification is denied, the Eleventh Circuit instructs that:

> the statute of limitations begins to run again as to those putative class members who were
> excluded from the class. In order to protect their rights, such individuals must seek to
> intervene in the pending action...or file a separate individual action...before the time
> remaining in the limitations period expires.  If the dismissed class member takes no such
> action within the remainder of the limitations period, then he may neither file a suit in his
> own name nor intervene in the already-pending action. In such a situation, the dismissed
> class member's only avenue of relief is to wait until the pending action reaches final
> judgment, and then...file a timely motion to intervene for the limited purpose of appealing
> the district court's class certification decision.
>
> Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1391 (11th Cir. 1995) (en banc)
> (interpreting identical opt-in provisions to Section 216(b)), superseded on other grounds
> by Fed. R. Civ. P. 23(f)).[2]

---

[1]    In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit
adopted as precedent all decisions of the former Fifth Circuit handed down by that court prior to
the close of business on September 31, 1981.

[2]    Notably, Rule 23(f) pertains to interlocutory appeals of decisions granting or denying class
certifications when made within ten (10) days of the entry of the order.  Rule 23(f) does not
address other options, such as those purportedly exercised by Plaintiffs, which are available to
putative class members seeking to preserve their rights upon exclusion from the class.

**III.    Analysis**

Plaintiffs' counsel filed <u>Anderson</u> under the Section 216(b), in this Court in September 2000.  (Docs. 8, 9; *see also* <u>Anderson</u>, 1:00-CV-166 (WLS)).   Following procedures described in <u>Hipp v. Liberty Nat'l Life Ins. Co.</u>, 252 F.3d 1208 (11th Cir. 2001), the Court conditionally certified a collective action under FLSA and discovery commenced.  *Id*.  Per the requirements of Section 216(b), notices and blank consents in English and Spanish were sent to members of the potential Plaintiff class which invited them to join in <u>Anderson</u>.  *Id*.   The Notice, most particularly in Sections IV, V, and VII, informed potential opt-in Plaintiffs of their rights in connection with <u>Anderson</u>.[3]  (Doc. 9, Exh. 1).

---

[3]    Sections IV and V of the Notice, which inform potential opt-in Plaintiffs of their "rights to join this suit as a party plaintiff," "how and when to join this suit," and their "legal representation if [they] join this suit," state in relevant part:

**IV.    YOUR RIGHT TO JOIN THIS SUIT AS A PARTY PLAINTIFF**
If you believe that either Cagle's, Inc., and/or Cagle Foods JV has failed to properly compensate you for your time spent changing into and out of protective clothing/equipment before and after your shift, and/or for your lunch break, you have the right to make this claim against Cagle's, Inc., or Cagle Foods JV as a plaintiff in this lawsuit. To do that you must sign, date, and mail the attached Consent to Become Party Plaintiff form to the Law Offices of Gordon, Silberman, Wiggins & Childs, P.C., for filing with the Clerk of the Court. (See Section V., below). It is entirely your own decision whether to join this lawsuit. You are not required to take any action unless you so desire. You are not required to pay any money to participate in this lawsuit.

**V.    HOW AND WHEN TO JOIN THIS SUIT**
If you wish to participate in this lawsuit, you must mail the attached Consent to Become Party Plaintiff form to the Plaintiffs' lawyers in this case:
**GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.**
7 Dupont Circle, NW
Suite 200
Washington, DC 20036
The Consent Form must be received by GORDON, SILBERMAN, WIGGINS & CHILDS by Thursday, October 17, 2002, so that Plaintiffs' lawyers may file it with the Clerk of the United States District Court in Albany, Georgia on or before Wednesday, October 23, 2002, or you will not be allowed to join the lawsuit.

**VII.    LEGAL REPRESENTATION IF YOU JOIN THE SUIT**
If you choose to join this suit, you will be represented by Plaintiffs' attorneys, GORDON, SILBERMAN, WIGGINS & CHILDS, P.C., Grant Morris, and GARDNER, WILLIS, SWEAT & GOLDSMITH.

(Doc. 9, Exh. 1).

All 1016 of the Plaintiffs in the instant matter submitted consent forms manifesting their intention to join Anderson.  After the close of discovery in Anderson, Defendant moved to decertify the collective action.  *Id*.  On March 31, 2005, this Court entered an Order granting Defendant's Motion, decertifying the action, and dismissing the plaintiffs who had filed consents to join Anderson.  *Id*.

Plaintiffs did not seek to review the decertification decision.  Defendant settled with the plaintiffs in whose names Anderson had been brought and said case was closed as to Defendant Cagle's, Inc.  *Id*.  The same counsel who represented the Plaintiffs in Anderson have now filed the instant lawsuit.  *See id*., *compare* Docket.

Plaintiffs' counsel admits that he has not obtained the specific consent or permission of the Anderson opt-in Plaintiffs to file this action, but that he is relying solely on the Anderson consents for authorization in this case. (Doc. 8).    Upon review of the notices and blank consent forms sent by counsel to Plaintiffs among others, the Court finds that the terms contained therein clearly and specifically invited said persons to join as party plaintiffs in Anderson, and not in this or any other suit which said persons may seek to bring.  It is further found that neither the notices nor the blank consent forms suggested or otherwise inferred that counsel's representation of said persons, should they choose to join Anderson, existed beyond the limited confines of that lawsuit.  Accordingly, it is found that upon the filing of these consent forms, each Plaintiff manifested his/her intent to join Anderson, and no other case, according to the terms of representation contained therein.   It is therefore found that the consent forms at issue are limited to counsel's representation of Plaintiffs in Anderson and are not freely transferrable to this or any other case.   It is **ORDERED** that Plaintiffs may not utilize consents filed in Anderson to satisfy the Section 216 requirement to "opt-in" as plaintiffs in this, or any lawsuit other than Anderson.

Notwithstanding the above finding, the Court further finds that to permit Plaintiffs to join in the action here would be improper in light of prior proceedings in Anderson decertifying a collective action between Plaintiffs and Defendant, among others, after review of the same facts presented here in support of joinder.   Furthermore, the Court finds unpersuasive Plaintiffs' attempts to recharacterize this action as a Rule 20 joinder or alternately a collective or

representative action.   As stated earlier, courts have consistently held that Section 216(b)

provides the exclusive means of bringing a collective action against an employer under the

FLSA.  *See supra* LaChapelle, 513 F.2d at 288.   While Plaintiffs acknowledge having filed this

lawsuit under FLSA via Section 216(b), they have not complied with Section 216(b) in filing this

lawsuit. (*See* Doc. 1).   Accordingly, Plaintiffs fail to properly state a claim upon which relief can

be granted.   Based on the foregoing, the instant action is dismissed.   Defendant's Motion to

Dismiss (Doc. 8) is **GRANTED**.

**IV.     Plaintiffs' Motion to Stay**

Upon review of Plaintiff's Motion to Stay (Doc. 14), it is found that the same does not

request a stay based on the pending appeal of issues raised in Defendant's Motion to Dismiss, but

rather requests a stay while the Anderson motions to intervene and appeal are before this Court

and the Eleventh Circuit.[4]   Accordingly, Plaintiffs' motion presents no bar to the dispositive

resolution of Defendant's Motion.   As Defendant's Motion to Dismiss (Doc. 8) was granted,

Plaintiff's Motion to Stay (Doc. 14) is rendered, and therefore **DENIED**, **AS MOOT**.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 8) is **GRANTED**; and

Plaintiffs' Motion to Stay (Doc. 14) is **DENIED AS MOOT**.

**SO ORDERED**, this ___11th___ day of September, 2006.


                /s/W. Louis Sands
                **W. LOUIS SANDS, CHIEF JUDGE**
                **UNITED STATES DISTRICT COURT**

---

[4]    The Anderson plaintiffs' motion to intervene was denied on March 29, 2006.  (Anderson, 1:00-CV-166, Doc. 261).